UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BRUCE WAYNE HIGHLAND,**

    Plaintiff,

v.                                                                              Case No: 5:15-cv-430-Oc-GKS-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

---

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

### I. BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff protectively filed an application for a period of disability and disability insurance benefits (DIB) on April 26, 2012, alleging disability beginning May 30, 2011 (Tr. 152-53, 167). The agency denied this application in initial and reconsideration determinations (Tr. 70-100, 102-07). Thereafter, Plaintiff timely requested and appeared at a hearing before an administrative law judge (ALJ) (Tr. 46-69, 110). In a hearing decision dated June 30, 2014, the ALJ found Plaintiff not disabled (Tr. 31-40). On July 22, 2015, the Appeals Council denied Plaintiff's Request for Review (Tr. 1-5). Plaintiff has exhausted his administrative remedies and has timely filed a civil action in this Court. This case is now ripe for review under 42 U.S.C.§ 405(g).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

(Doc. 19, p. 1-2).

Plaintiff was 54 years of age on June 30, 2014, the date of the ALJ's decision.  (Tr. 39, 49).  Plaintiff has a high school education and past work experience as a construction worker, parts runner, and truck driver.  (Tr. 51, 172, 52, 67, 172).  Plaintiff alleges disability due to a heart attack, gastroesophageal reflux disease (GERD), chronic obstructive pulmonary disorder (COPD), hypertension, hyperlipidemia, radicular neck pain, left ventricle hypertrophy (LVH) radicular syndrome of upper limbs, radiculopathy, colitis, and urinary hesitancy.  (Tr. 51, 171).

Based on a review of the record, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 33).  At Step Two, the ALJ found that Plaintiff had the following a severe impairments:   COPD; a history of myocardial infarction and coronary artery disease, status post stenting; degenerative disc disease of the cervical spine with radiculopathy into the fingers; a history of colitis; and urinary inconstancy.  (Tr. 33).  The ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work with limitations.  The ALJ concluded:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to climb ramps and stairs occasionally.  The claimant requires use of a cane to walk to his workstation.  The claimant is unable to climb ladders, ropes, or scaffolds.  The claimant is able to crouch frequently.  The claimant is able to kneel, stoop, and crawl occasionally. The claimant is unable to have exposure to extreme cold and heat.  The claimant is unable to have exposure to concentrated fumes, odors, dusts, gases, or poor ventilation.  The claimant is able to handle, finer, and feel frequently.

(Tr. 35).

Based upon this RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff was not capable of performing past relevant work.  The ALJ observed that Plaintiff was "born on December 21, 1959 and was 51 years old, which is defined as an individual

closely approaching advanced age, on the alleged disability onset date." (Tr. 39). The ALJ found, considering the testimony of the vocational expert and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform work that existed in significant numbers in the national economy, such as work as food assembler, host, or toll collector. (Tr. 40). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II. STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  This is clearly a deferential standard.

### III. DISCUSSION

Plaintiff raises two issues on appeal:  (1) whether the ALJ erred in relying on the vocational expert's testimony; and (2) whether the ALJ erred in applying the Medical Vocational Guidelines.  (Doc. 16, p. 1).

#### A.   The ALJ's Reliance on the Vocational Expert's Testimony

Plaintiff first argues that the ALJ erred in relying on the vocational expert's testimony.  Specifically, Plaintiff argues that the ALJ erred "in relying on the vocational expert's response to an incomplete hypothetical question and in finding that [Plaintiff] can perform other semi-skilled jobs without identifying the skills which he has that supposedly transfer to the semi-skilled occupations cited by the vocational expert."  (Doc. 16, p. 1).  Plaintiff contends that the RFC does not match the hypothetical question.  This observation is accurate, insofar as the RFC includes that the claimant "requires the use of a cane to walk to his workstation."  (Tr. 35).  Meanwhile, the ALJ's hypothetical question to the vocational expert included that the claimant "could only occasionally climb ramps and stairs, and they would have to use a cane to do that." (Tr. 67).

Plaintiff argues that this inconsistency amounts to error, contending that needing a cane to walk and needing a cane to occasionally climb ramps and stairs are completely different functional limitations.  Plaintiff contends that the ALJ failed to instruct the vocational expert that he needed a cane to walk.  As to the vocational expert's conclusion that Plaintiff could perform the job of

food assembler, Plaintiff contends that the job description reveals the job is quite active and would require significant movement between different locations while carrying trays. Plaintiff argues that there is no evidence to support the conclusion that he could do this job, given his need to use a cane while walking.

In response, the Defendant points out that the ALJ did not specifically find that Plaintiff needed a cane to walk in general, but that he "requires use of a cane to walk <u>to his workstation</u>." (Tr. 35) (emphasis added). Further, Defendant notes that Plaintiff focuses his argument on the food assembler job, but the vocational expert also concluded that Plaintiff could perform the jobs of (a) host (DOT § 352.667-010), which is in the light physical demand category, specific vocational preparation (SVP): 3, semi-skilled; and (b) toll collector (DOT § 211.452-038), which is in the light physical demand category, SVP: 2, unskilled. (Tr. 68). Specifically, the description of the toll collector job in the Dictionary of Occupational Titles provides the following: "Collects toll charged for use of bridges, highways, or tunnels by motor vehicles, or fare for vehicle and passengers on ferryboats. Collects money and gives customer change. Accepts toll and fare tickets previously purchased. At end of shift balances cash and records money and tickets received. May sell round-trip booklets." *See* DOT § 211.462-038. As Defendant argues, the DOT does not indicate that the toll collector job requires any walking, nor does it suggest that use of a cane would be precluded. Defendant thus contends that any discrepancy between the ALJ's hypothetical question and RFC finding is irrelevant to whether he could perform the job.

The Court agrees that any discrepancy between the ALJ's hypothetical question and the RFC is harmless in this instance. Plaintiff has not proven, nor does the record suggest, that his limitations would prevent him from preforming work as a toll collector, as defined by the DOT. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful

normally falls upon the party attacking the agency's determination"); *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) ("We have also declined to remand for express findings when doing so would be a 'wasteful corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision."). Notably, Plaintiff does not contend that the record evidence establishes he would be incapable of performing the job of toll collector. Rather, he merely argues that the vocational expert testified regarding light work jobs and failed to specify that the jobs could be performed while walking with the cane. The Court, however, is not obliged to remand when it would be a wasteful exercise, and when no further findings would alter the ALJ's decision. *Id.*

Plaintiff also argues that the ALJ erroneously concluded that Plaintiff could perform the semi-skilled occupations of food assembler and host, even though the ALJ never made a finding of fact as to Plaintiff's past skills being transferable to these two occupations. Plaintiff contends that the ALJ never asked the vocational expert to identify which skills were transferable to those jobs. Such an oversight in this case would be harmless error, in light of the ALJ's finding that Plaintiff could also perform the job of toll collector. As described above, the position of toll collector has a specific vocational preparation (SVP) of 2, and thus is considered unskilled work. (Tr. 68). *See* DOT § 211.462-038, 1991 WL 671847. Further, the VE testified that 20,500 such jobs existed in the national economy (Tr. 68).

Plaintiff cites no law to support his assertion that the toll collector job alone is insufficient to support the ALJ's finding that Plaintiff could perform other work existing in significant numbers in the national economy. *See, e.g., Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934-35 (11th Cir. 2015) (ALJ's finding that significant jobs existed in the national economy supported by

substantial evidence where VE identified representative occupations with a total of 23,800 nationally).

The Court agrees that Plaintiff failed to prove that he had limitations beyond the limitations found by the ALJ, and he failed to prove he could not perform the jobs identified by the vocational expert and the ALJ.  See *Doughty*, 245 F.3d at 1278 n.2.  Accordingly, the vocational expert's testimony provides substantial evidence to support the ALJ's conclusion that Plaintiff could perform other work and was not disabled.  (Tr. 39-40).

### B.    The ALJ's Application of the Medical Vocational Guidelines

Plaintiff next argues that the ALJ erred in mechanically applying the Medical Vocational Guidelines when Plaintiff was only five months away from turning age 55, which would have placed in in higher age category.  Plaintiff also contends there is no indication the ALJ even recognized that Plaintiff was almost 55.

In the ALJ's decision, he noted Plaintiff "was born on December 21, 1959 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date."  (Tr. 39).  The ALJ further concluded that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)."  (Tr. 39).

To begin, in this context, "age" generally means "chronological age."  20 C.F.R. § 404.1563(a).  The regulations provide that, if a claimant is a few days or months away from reaching an older age category, and using that older category would result in a finding of disability, the Commissioner will consider whether to use the older age category after evaluating the overall impact of all the factors of the claimant's case. See 20 C.F.R. § 404.1563(b).  There is not,

however, a requirement that the ALJ address borderline age categorization in every borderline case. See Hearings, Appeals, and Litigation Manual (HALLEX) II-5-3-2, 2003 WL 25498826 ("The adjudicator need not explain his or her use of the claimant's chronological age."); see also *Wash. State Dep't of Soc. and Health Servs. v. Guardianship Estate of Wash. State Dep't of Soc. and Health Servs.*, 537 U.S. 371, 385 (2003) (While "administrative interpretations are not products of formal rulemaking, they nevertheless warrant respect . . . .").

HALLEX provides the Appeals Council's interpretation of the borderline-age regulation; specifically, what constitutes a borderline-age situation and the factors that should be considered in determining whether to use a higher age category in applying the medical-vocational guidelines. HALLEX II-5-3-2.[2] To determine if a borderline-age situation exists, HALLEX directs adjudicators to apply a two-step test: (1) "[d]etermine whether the claimant's age is within a few days or a few months of a higher age category," and, if so, (2) "determine whether using the higher age category would result in a decision of 'disabled' instead of 'not disabled.'" *Id.* If a borderline age situation exists, HALLEX directs a "sliding scale" approach to determine the appropriate age category: "the claimant must show progressively more additional vocational adversity(ies)—to support use of the higher age—as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens." *Id.*

HALLEX defines a vocational adversity as an adjudicative factor that "is relatively more adverse when considered in terms of that factor's stated criteria," or an additional element that "has adverse vocational implications." *Id.* Examples include "the presence of an additional impairment(s) which infringes upon—without substantially narrowing—a claimant's remaining occupational base," problems with literacy, a marginal ability to communicate in English, or a

---

[2] HALLEX is available at http://ssa.gov/OP_Home/hallex/hallex.html.

history of work experience in unskilled job(s) or an isolated work industry or setting. Absent a showing of additional vocational adversities, HALLEX directs the adjudicator to use the claimant's chronological age and expressly provides that the adjudicator "need not explain his or her use of the claimant's chronological age." *Id*.

Here, the undersigned agrees with Defendant that the ALJ did not err in failing to conduct an explicit borderline-age analysis. In Plaintiff's situation, such an analysis was not warranted. The first step requires a determination of whether "claimant's age is within a few days or a few months of a higher age category." HALLEX II-5-3-2. The proper measuring date for determining a claimant's age for application of the grids is the date the ALJ renders his decision. *See Crook v. Barnhart*, 244 F.Supp.2d 1281, 1283 (N.D.Ala.2003). Here, Plaintiff was born on December 21, 1959, and was therefore 51 years old on the onset date, and 54 years of age on the date of decision, on June 30, 2014. (Tr. 39, 40). To be more precise, Plaintiff was a full five months and 21 days away from turning age 55 on the date of decision. Consequently, Plaintiff was not "within a few days or a few months" of the higher age category. *See* HALLEX II-5-3-2.

Indeed, even the cases cited in Plaintiff's brief demonstrate that he is not in a "borderline situation." *Compare, e.g., Kane v. Heckler*, 776 F.2d 1130, 1132–33 (3d Cir.1985) (48 days before next age category within borderline situation); *Ford v. Heckler*, 572 F.Supp. 992, 994 (E.D.N.C.1983) (two months within borderline); *Hilliard v. Schweiker*, 563 F.Supp. 99, 101–02 (D.Mont.1983) (less than three months within borderline); *Hill v. Sullivan*, 769 F.Supp. 467, 471 (W.D.N.Y.1991) (three months, two days within borderline), *with Underwood v. Bowen*, 828 F.2d 1081, 1082 (5th Cir.1987) (ten months not within borderline); *Crook v. Barnhart*, 244 F.Supp.2d 1281, 1283–84 (N.D.Ala.2003) (borderline status may exist if claimant is six months or less away from an older age category).

Further, this case is distinguishable from the case heavily relied upon by Plaintiff, *Robinson v. Commissioner*, No. 3:13-cv-1086-J-PDB (M.D. Fla September 30, 2014).  In *Robinson*, the Court held oral argument and ultimately determined that remand was warranted due to the ALJ's failure to properly evaluate the borderline age regulation where plaintiff was just two months shy of the higher age category. *Id.*  A claimant two months away from a higher age category is plainly "within a few days or months" of reaching an older age.  The guidance of the cases cited by Plaintiff, however, as well as the plain language of the regulation suggest that a claimant more than five months away from attaining the higher age category does not warrant a borderline age analysis.

Further, as Defendant argues, the ALJ's decision was not made in sole reliance on the grids, but on the testimony of a vocational expert.  Defendant contends that, even assuming arguendo that the ALJ erred at Step 5 by not explicitly discussing the borderline age regulations, the ALJ's reliance on the vocational expert's testimony rendered that error harmless.

The undersigned concludes that the ALJ did not err in failing to explicitly conduct a borderline age regulation, and that Plaintiff has failed to establish he could not perform the work identified by the vocational expert, including the job of toll collector.  *See Doughty*, 245 F.3d at 1278 n. 2).  Accordingly, substantial evidence supports the ALJ's decision and his conclusion that Plaintiff could perform other work and was not disabled.

### IV.   RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the ALJ'S decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on August 4, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties